**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ROBERT L. ESHLEMAN, | § | |
| | § | |
| *Defendant.* | § | |

**ORIGINAL COMPLAINT AND VERIFIED APPLICATION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Archrock Services, L.P. ("Archrock" or the "Company"), by and through its undersigned attorneys, files this Original Complaint and Verified Application for Temporary Restraining Order and Preliminary Injunction against Robert Eshleman:

**NATURE OF THE ACTION**

1.      This case involves the misappropriation of Archrock's confidential proprietary information and trade secrets by Eshleman, a former Archrock employee. At the time of his resignation in March 2018, Eshleman was employed as an account manager for Archrock's Northeast Basin area, comprised of the Northeastern United States and part of the Midwest. Following Eshleman's resignation, the Company retained a forensic firm to conduct analysis of the laptop that he used during his employment. Archrock discovered that, in the month before his resignation, Eshleman connected seven USB removable storage devices to his Archrock computer and copied hundreds of files containing the Company's confidential information and trade secrets to take with him. Eshleman is now employed by a competitor of Archrock's.

## THE PARTIES

2.      Archrock Services, L.P. is a limited partnership, headquartered at 9807 Katy Freeway, Houston, Texas 77024.

3.      Robert Eshleman is an individual whose last known address is 1243 Rasho Road, Traverse City, Michigan 49686, and he may be served with process at such address.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a claim arising under the Defend Trade Secrets Act of 2016, 18 U.S.C § 1831 et. seq.

5.      This Court has jurisdiction to the extent it involves state law claims as a result of its supplemental jurisdiction pursuant to 28 U.S.C. § 1367; such claims on which the complaint are premised are so closely related to the Defend Trade Secrets Act claim that they part of the same case and controversy.

6.      This Court has authority to award the requested temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65(a), (b). *See also* 28 U.S.C. § 1651.

7.      This Court has personal jurisdiction over Eshleman because he engaged in a tort in Texas when he misappropriated confidential information and trade secrets from Archrock's computer server located in Houston, Harris County, Texas. Eshleman's conduct was purposefully directed toward the forum state of Texas.

8.      Based on Eshleman's conduct, it was foreseeable that Eshleman would be required to appear to respond to Archrock's claims in the United States District Court for the Southern District of Texas.

9.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

## FACTUAL BACKGROUND

10.      Archrock is the leading provider of natural gas contract compression and aftermarket services in the United States. *See* Exhibit 1, Verification of Jason Ingersoll ¶ 1. In addition to its headquarters in Houston, Texas, the Company operates in Alabama, Arkansas, California, Colorado, Kansas, Louisiana, Michigan, Mississippi, New Mexico, New York, North Dakota, Oklahoma, Pennsylvania, Utah, West Virginia, and Wyoming. *Id*.

11.      Archrock develops and maintains confidential and proprietary information and trade secrets that are essential to the successful operation and course of conducting its business (the "Confidential Information and Trade Secrets"). This information includes, but is not limited to, that regarding the following: customers and suppliers, employees, business operations, product lines, services, pricing and pricing formulae, machines and inventions, research, knowhow, manufacturing and fabrication techniques, engineering and product design specifications, financial information, business plans and strategies, information derived from reports and computer systems, work in profess, marketing and sales programs and strategies, cost data, methods of doing business, ideas, materials or information prepared or performed for, by or on behalf of the Company. Ex. 1 ¶ 2.

12.      Archrock's Confidential Information and Trade Secrets gives the Company a competitive advantage and is a protectable interest in its favor. *Id*. at ¶ 3.

13.      Archrock protects its Confidential Information and Trade Secrets by password protecting its computers and network, restricting user access only to those databases necessary to

complete their job duties and responsibilities, annual training regarding protecting confidential data, and requiring that employees return all Confidential Information and Trade Secrets upon their separation of employment with Archrock. Ex. 1 at ¶ 4.

14.     Archrock's predecessor, Universal Compression, Inc., hired Eshleman on September 12, 1994. Over the course of the next twenty-three years, Eshleman filled various sales roles and rose to Account Manager in October 2002, his final position with Archrock. *Id*. at ¶ 5. Through the tenure of his employment, Archrock entrusted Eshleman with access to its Confidential Information and Trade Secrets. *Id*.

15.     Eshleman resigned his employment with Archrock on March 21, 2018, in order to go work for a competitor of Archrock's.

16.     Following his resignation, Archrock retained RICOH USA to conduct a forensic analysis of the laptop that Eshleman used during his employment with Archrock. *Id*. at ¶ 6; *see also* Exhibit 2, Declaration of David W. Hendershott. RICOH discovered that in the month before Eshleman's resignation, he connected the following seven removable storage devices to his Archrock computer:

- SanDisk Cruzer Glide (serial number 20060878421657D086D3);

- Verbatim STORE N GO (serial number 16122008000897);

- JMCR SD (Flash Media) (serial number 000000, volume serial number 4AFA-CE11);

- JMCR SD (Flash Media) (serial number 000000, volume serial number DC45-4228);

- Seagate FreeAgent (serial number 2GE6TD49);

- Generic Flash Disk (serial number 7AE0E5BE); and

- Hitachi HTS723280L9A362 (serial number Hitachi_HT081223FC3A00NFG37NTC).

Ex. 2 ¶ 6.

17.     Eshleman copied approximately 139 files and folders on the SanDisk Cruzer Glide (serial number ending in -86D3) alone between February 9, 2018, and March 19, 2018. *Id.* at ¶ 8. A sample of copied files and their relevant link paths include:

- J:\2018 AMS Profitability\Copy of 03.19.18 AMS Profitability.xlsx;

- J:\Documents\Documents\Swing Engine Pricing\AJax 2018\Copy of Ajax Parts List 2018 with costs and labor RE.xls;

- J:\Documents\Documents\Customer Files\Breitburn\2018 CMPA\Breitburn Operating LP Compression Maintenance Program Agr FINAL 02-12-18.pdf;

- J:\Documents\Documents\Customer Files\Breitburn\2018 SQM\Mar 2018\3-8-2018 BreitBurn SQM Agenda.docx;

- J:\Documents\Documents\Swing Engine Pricing\AJax 2018\AJAX Parts Pricing.pdf;

- J:\Documents\Documents\Customer Files\Riverside Energy MI LLC\2018 Ariel Frame Overhaul Spec\Riverside Ariel Frame Overhaul Scope 3-7-2018.docx;

- J:\Contacts\DM SFDC CONTACTS.xlsx;

- J:\Documents\Documents\Swing Engine Pricing\Waukesha 2018\1197 TEOH\1197 TEOH Costing 3-6-2018.xlsx;

- J:\Documents\Documents\Gaylord Rate Sheets\2018\Michigan contact list 2018.doc; and

- J:\Documents\Documents\Customer Files\DTE\Washington 10\2018\Cyl Bbl Replacement 3-1-2018\Archrock Service Proposal DTE W-10 Replace Cylinder Body 3-2-2018.docx.

18.     Eshleman copied and accessed forty-three files and folders on the Verbatim STORE N GO (serial number ending in -0897) between February 20, 2018, and March 7, 2018. *Id.* at ¶ 9. These files were comprised of Eshleman's Archrock emails and attachments pertaining to the Company's proposals, values, equipment schedules, and other engineering documents.

19.     Forensic analysis further establishes that Eshleman copied and accessed 122 entries of directories that had been copied or created to removeable media between February 26, 2018, and March 15, 2018. *Id*. at ¶ 13 A sample of the copied directories include:

- My Computer:J:\Documents\Documents\Customer Files\Merit\2018 AMS\Fred 12-8 1197 TEOH 3-8-2018\;

- My Computer:J:\Documents\Documents\Customer Files\Breitburn\2018 SQM\Mar 2018\;

- My Computer:J:\Documents\Documents\Customer Files\Riverside Energy MI LLC\2018 Ariel Frame Overhaul Spec\;

- My Computer:J:\Proposal Templates\;

- My Computer:J:\Contacts\;

- My Computer:J:\Inventory Lists\;

- My Computer:J:\Desktop\Price Lists\;

- My Computer:J:\Documents\Documents\Price Lists\;

- My Computer:J:\Documents\Documents\Customer Files\West Bay Exploration\; and

- My Computer:F:\E mail\.

20.     Eshleman is now employed with a competitor of Archrock.  Ex. 1 ¶ 7. If left unrestrained, Eshleman will use, disseminate, or continue to use or disseminate Archrock's Confidential Information and Trade Secrets for the benefit of himself or others, thereby enabling Eshleman and others to unfairly compete with Archrock in the competitive industry of natural gas contract compression services. *Id*.

21.     Archrock will suffer immediate and irreparable harm if Eshleman's misappropriation of Archrock's Confidential Information and Trade Secrets is not immediately enjoined. *Id.*

22. Archrock is likely to succeed on the merits of its claims because Eshleman has misappropriated Archrock's Confidential Information and Trade Secrets.

23. Archrock's business opportunities, competitive advantage, Confidential Information and Trade Secrets, and potential relations with its customers, vendors, and suppliers will be irreparably harmed if a TRO and preliminary injunction are not entered.

24. Archrock will suffer far greater harm if a TRO and preliminary injunction are not granted than Eshleman will suffer if a TRO and preliminary injunction are granted. Eshleman will simply be required to honor his lawful obligations to Archrock.

25. Granting a TRO and preliminary injunction serves the public interest.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Defend Trade Secrets Act
### 18 U.S.C. § 1831, et. seq.

26. Archrock incorporates by reference the preceding paragraphs of this Original Complaint and Verified Application as if the same were forth in full herein.

27. Archrock owns valuable Confidential Information and Trade Secrets which Archrock has spent significant time and money developing.

28. The Confidential Information and Trade Secrets are kept confidential and not publicly disclosed.

29. Archrock afforded Eshleman access to and use of its Confidential Information and Trade Secrets in the course of his employment with Archrock.

30. The Confidential Information and Trade Secrets to which Eshleman had access is related to Archrock's services and products that are used in, or intended for use in, interstate or foreign commerce.

31.     Misappropriation of this type of information undermines Archrock's competitive position in the highly competitive industry of natural gas compressions services.

32.     On information and belief, Eshleman misappropriated Archrock's Confidential Information and Trade Secrets in order to benefit himself through his employment with a competitor of Archrock.

33.     Eshleman's conduct is knowing, willful, intentional, malicious, unprivileged, in bad faith, and caused — and will continue to cause — immediate and irreparable harm to Archrock, as well as causing the Company to suffer compensatory damages in an amount to be proved at trial.

34.     Pursuant to section 1836(b)(3)(A) of the Defend Trade Secrets Act, Archrock is entitled to injunctive relief from this Court.

### COUNT II
### Violation of the Texas Uniform Trade Secrets Act
### Tex. Civ. Prac. & Rem. Code § 134A

35.     Archrock incorporates by reference the preceding paragraphs of this Original Complaint and Verified Application as if fully set forth herein.

36.     By virtue of his employment relationship with Archrock, Eshleman was obligated to maintain the confidentiality of Archrock's Confidential Information and Trade Secrets.

37.     Archrock's Confidential Information and Trade Secrets are kept confidential and are not publicly disclosed, and Archrock derives value from the confidentiality of such information.

38.     Upon information and belief, Eshleman has misappropriated Archrock's Confidential Information and Trade Secrets in violation of the Texas Uniform Trade Secrets Act.

39.    Upon information and belief, Eshleman will inevitably disclose and continue to disclose and use Archrock's Confidential Information and Trade Secrets to compete directly against Archrock.

40.    This misappropriation is unauthorized and conducted with the specific intent to harm Archrock and exploit the Company's competitive advantage in the industry of natural gas contract compression services.

41.    Eshleman's actions have been deliberate, willful, and malicious.

42.    As a direct and proximate result of Eshleman's misappropriation of Archrock's Confidential Information and Trade Secrets, Archrock has suffered and will continue to suffer actual damages, and Eshleman has been unjustly enriched as a result.

43.    Eshleman has misappropriated and used, or inevitably will use and/or disclose, Archrock's Confidential Information and Trade Secrets in light of his employment with a competitor of Archrock's.

44.    The threatened and actual injuries that Archrock has suffered or will suffer are immediate and irreparable. Because of the difficulty in quantifying injury and harm to Archrock's ability to compete, acquire, and maintain a competitive advantage through its Confidential Information and Trade Secrets and Eshleman's wrongful use of such information, monetary damages alone will not adequately compensate Archrock for Eshleman's misappropriation and use/inevitable disclosure of Archrock's Confidential Information and Trade Secrets. Archrock, therefore, lacks an adequate and complete remedy at law and an equitable remedy is appropriate in addition to monetary damages.

45.    Pursuant to section 134A.003 of the Texas Civil Practice and Remedies Code, Archrock is entitled to injunctive relief from this Court.

**COUNT III**
**Conversion**

46.     Archrock incorporates by reference the preceding paragraphs of this Original Complaint and Verified Application as if fully set forth herein.

47.     Archrock is the sole owner of its Confidential Information and Trade Secrets.

48.     Archrock's Confidential Information and Trade Secrets is the personal property of Archrock.

49.     Eshleman is wrongfully exercising dominion and control over Archrock's Confidential Information and Trade Secrets.

50.     As a proximate result of Eshleman's actions, Archrock will suffer, and continue to suffer, injury which cannot be adequately compensated by monetary damages alone.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

51.     Plaintiff Archrock seeks a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure Rule 65.  In particular, Plaintiff requests the relief described in Paragraph 1 of the Prayer for Relief, *infra*.

52.     The requirements for showing entitlement to a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 are identical. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff will show that: (a) there is a substantial likelihood of success on the merits; (b) there is a substantial threat that irreparable injury will result if the injunction is not granted; (c) the threatened injury outweighs any harm to the defendants from the injunction and order; and (d) granting the preliminary injunction will not disserve the public interest.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

**A.  Substantial Likelihood that Archrock Will Prevail on the Merits**

53.     For the reasons articulated in paragraphs 1 through 25, *supra*, of its Complaint and the supporting declarations, Archrock has met its burden to show a substantial likelihood that it will prevail on its claims against Eshleman for, *inter alia*, violation of the Federal Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act.

**B.  Substantial Likelihood that Archrock Will Prevail on the Merits**

54.     For the reasons articulated in paragraphs 1 through 25, *supra*, of its Complaint and the supporting declarations, Archrock has met its burden to show there is a substantial threat that irreparable injury will result if the injunction is not granted.

55.     In particular, much of the Confidential Information and Trade Secrets taken by Eshleman will lose its value immediately if provided to a competitor. In light of Eshleman's employment with an Archrock competitor, Eshleman has already used and/or disclosed Archrock's Confidential Information and Trade Secrets for the benefit of himself or others, or will inevitably do so.

**C.  Threatened Injury to Archrock Outweighs Any Harm to Eshleman**

56.     For the reasons articulated in paragraphs 1 through 25, *supra*, of its Complaint and the supporting declarations, Archrock has met its burden to show that the harm to it from Eshleman's unlawful misappropriation of its Confidential Information and Trade Secrets far outweighs any potential harm to Eshleman.

57.     In particular, Eshleman no right to possess or use Archrock's Confidential Information and Trade Secrets. The requested injunctive relief will restrict only the competition and misuse of Archrock's Confidential Information and Trade Secrets, restriction that is authorized under Federal and Texas law. Accordingly, no recognizable harm to Eshleman will

result from the requested injunctive relief. On the other hand, failure to grant the requested relief will irreparably deprive Archrock of its rights under the parties' Agreement and result in the permanent loss of its Confidential Information and Trade Secrets.

**D.  Granting the TRO/Preliminary Injunction Will Not Harm the Public Interest**

58.    For the reasons articulated in paragraphs 1 through 25, *supra*, of its Complaint and the supporting declarations, the public interest is not implicated by and will not be harmed by the requested injunction.

59.    This is a purely private dispute and does not implicate the public interest. Moreover, the restrictions on Eshleman's unauthorized use of Archrock's Confidential Information and Trade Secrets have been found to be in the public interest as reflected by the decision of the Texas legislature to enact the Texas Uniform Trade Secrets Act and the Federal legislature to enact the Defend Trade Secrets Act.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Archrock Services, L.P. respectfully requests that this Court award the following:

1.    A temporary restraining order and preliminary injunction against Eshleman in the form of an order:

    a.  Requiring Eshleman to immediately return and deliver to Archrock all tangible Archrock property and information in hard copy form;

    b.  Requiring Eshleman to preserve all electronically stored Archrock information;

    c.  Requiring Eshleman to allow a third-party forensic vendor, RICOH USA, to image all electronic devices and systems Eshleman has used while employed by Archrock to identify any Confidential Information and Trade Secrets existing on this devices and to delete thereafter all Archrock Confidential Information and Trade Secrets existing on those devices. These devices include, but are not limited to, the following:

        i.  SanDisk Cruzer Glide (serial number 20060878421657D086D3);

    ii.   Verbatim STORE N GO (serial number 16122008000897);

    iii.   JMCR SD (Flash Media) (serial number 000000, volume serial number 4AFA-CE11);

    iv.   JMCR SD (Flash Media) (serial number 000000, volume serial number DC45-4228);

    v.   Seagate FreeAgent (serial number 2GE6TD49);

    vi.   Generic Flash Disk (serial number 7AE0E5BE); and

    vii.   Hitachi HTS723280L9A362 (serial number Hitachi_HT081223FC3A00NFG37NTC).

d.   Enjoining Eshleman from (i) misappropriating, using, or disclosing to any person or entity Archrock's Confidential Information and Trade Secrets or (ii) possessing any original or copies of Archrock's Confidential Trade Secrets in any form.

c.   A permanent injunction enforcing the aforementioned relief;

d.   A money judgment for all actual damages sustained by Archrock in an amount to be proved at trial;

e.   Reasonable and necessary attorney's fees and costs of this action;

f.   Costs of court incurred by Archrock;

g.   Pre-judgment and post-judgment interest on the above amounts; and

h.   Such other and further relief as the Court may deem just and proper either in law or in equity.

Dated: May 24, 2018

Respectfully Submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

*Mark J. Levine*
Mark J. Levine
State Bar No. 00791102
S.D. Adm. #20021
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341
mlevine@wkpz.com

                                         Attorney-in-Charge for Archrock Services, L.P.

OF COUNSEL:
Alexandra Ledyard
State Bar No. 24087903
S.D. Adm. #221151
aledyard@wkpz.com
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
11 Greenway Plaza, Suite 1400
 Houston, Texas 77046
Telephone: (713) 961-9045
 Facsimile: (713) 961-5341