IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | |
| *Plaintiff,* | § § § | |
| vs. | § § | NO. 4:18-CV-01712 |
| ROBERT L. ESHLEMAN, | § § § | |
| *Defendant.* | § § | |

**DEFENDANT ROBERT L. ESHLEMAN'S ORIGINAL ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S
ORIGINAL COMPLAINT AND VERIFIED APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant Robert L. Eshleman ("Eshleman") files this Original Answer and Affirmative and Other Defenses to Plaintiff Archrock Services, L.P.'s ("Archrock") Original Complaint and Verified Application for Temporary Restraining Order and Preliminary Injunction ("Complaint").

**I.
ORIGINAL ANSWER**

Without waiving any of his affirmative or other defenses, Eshleman answers the Complaint in paragraphs that correspond by number as follows:

**NATURE OF THE ACTION**

1. Eshleman admits that he is a former employee of Archrock who resigned his employment with Archrock in March 2018 in order to take employment with one of Archrock's competitors. Eshleman further admits that he connected one or more electronic storage devices to his Archrock-assigned computer while employed by Archrock and transferred files to one or more of those devices prior to resigning his employment with Archrock. Except as expressly

admitted, Eshleman denies all remaining allegations, if any, contained in Paragraph 1 of the Complaint.

## THE PARTIES

2. Upon information and belief, Eshleman admits the allegations contained in Paragraph 2 of the Complaint.

3. Eshleman admits the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Eshleman admits that Archrock purports to allege claims under a federal statute, which would confer federal jurisdiction under 28 U.S.C. § 1331.  Except as expressly admitted, Eshleman denies all remaining allegations, if any, contained in Paragraph 4 of the Complaint.

5. Eshleman admits that this Court would have supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Except as expressly admitted, Eshleman denies the remaining allegations, if any, contained in Paragraph 5 of the Complaint.

6. Eshleman admits that Federal Rule of Civil Procedure 65 provides that a federal district court may issue injunctive relief as allowed by law.  Except as expressly admitted, Eshleman denies the remaining allegations, if any, contained in Paragraph 6 of the Complaint.

7. Eshleman denies the allegations contained in Paragraph 7 of the Complaint.

8. Eshleman denies the allegations contained in Paragraph 8 of the Complaint.

9. Eshleman denies the allegations contained in Paragraph 9 of the Complaint.

**FACTUAL BACKGROUND**

10. Upon information and belief, Eshleman admits the allegations contained in Paragraph 10 of the Complaint.

11. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, and, on that basis, denies them.

12. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint, and, on that basis, denies them.

13. Eshleman denies the allegations contained in Paragraph 13 of the Complaint.

14. Eshleman admits that he was hired by Gas Compression Services Inc. in 1994, which was purchased by Universal Compression Services in or about September 2000. Eshleman admits the allegations in the second sentence contained in Paragraph 14 of the Complaint. Although Eshleman admits that he had access to certain confidential information during his employment with Archrock, he denies the allegations in the third sentence contained in Paragraph 14 of the Complaint.

15. Eshleman admits the allegations contained in Paragraph 15 of the Complaint.

16. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint, and, on that basis, denies them, but admits that he did connect one or more electronic storage devices to his Archrock computer while employed by Archrock.

17. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint, and, on that basis, denies them, but admits that he did transfer files to one or more electronic storage devices while employed by Archrock.

18. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint, and, on that basis, denies them, but admits that he did transfer files to one or more electronic storage devices while employed by Archrock.

19. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and, on that basis, denies them, but admits that he did transfer files to one or more electronic storage devices while employed by Archrock.

20. Eshleman admits the allegations in the first sentence contained in Paragraph 20 of the Complaint. Eshleman denies the allegations in the second sentence contained in Paragraph 20 of the Complaint.

21. Eshleman denies the allegations contained in Paragraph 21 of the Complaint.

22. Eshleman denies the allegations contained in Paragraph 22 of the Complaint.

23. Eshleman denies the allegations contained in Paragraph 23 of the Complaint.

24. Eshleman denies the allegations contained in Paragraph 24 of the Complaint.

25. Eshleman denies the allegations contained in Paragraph 25 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE DEFEND TRADE SECRETS ACT
## 18 U.S.C. § 1831, et.seq.

26. Eshleman acknowledges that Archrock reasserts and incorporates by reference all of the above numbered paragraphs in the Complaint, and Eshleman incorporates herein his answers to same.

27. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint, and, on that basis, denies them.

28. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint, and, on that basis, denies them.

29. Although Eshleman admits that he had access to certain confidential information during his employment with Archrock, he denies the allegations contained in Paragraph 29 of the Complaint.

30. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint, and, on that basis, denies them.

31. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint, and, on that basis, denies them.

32. Eshleman denies the allegations contained in Paragraph 32 of the Complaint.

33. Eshleman denies the allegations contained in Paragraph 33 of the Complaint.

34. Eshleman denies the allegations contained in Paragraph 34 of the Complaint.

### COUNT II: VIOLATION OF THE TEXAS UNIFORM TRADE SECRETS ACT
### TEX. CIV. PRAC. & REM. CODE § 134A

35. Eshleman acknowledges that Archrock reasserts and incorporates by reference all of the above numbered paragraphs in the Complaint, and Eshleman incorporates herein his answers to same.

36. Eshleman admits that, by virtue of his employment with Archrock, he was and is bound by a common law duty of loyalty to maintain the confidentiality of any confidential information provided to him as an employee of Archrock. Except as expressly admitted, Eshleman denies the remaining allegations, if any, contained in Paragraph 36 of the Complaint.

37. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint, and, on that basis, denies them.

38. Eshleman denies the allegations contained in Paragraph 38 of the Complaint.

39. Eshleman denies the allegations contained in Paragraph 39 of the Complaint.

40. Eshleman denies the allegations contained in Paragraph 40 of the Complaint.

41. Eshleman denies the allegations contained in Paragraph 41 of the Complaint.

42. Eshleman denies the allegations contained in Paragraph 42 of the Complaint.

43. Eshleman denies the allegations contained in Paragraph 43 of the Complaint.

44. Eshleman denies the allegations contained in Paragraph 44 of the Complaint.

45. Eshleman denies the allegations contained in Paragraph 45 of the Complaint.

### COUNT III: CONVERSION

46. Eshleman acknowledges that Archrock reasserts and incorporates by reference all of the above numbered paragraphs in the Complaint, and Eshleman incorporates herein his answers to same.

47. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint, and, on that basis, denies them.

48. Eshleman lacks information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint, and, on that basis, denies them.

49. Eshleman denies the allegations contained in Paragraph 49 of the Complaint.

50. Eshleman denies the allegations contained in Paragraph 50 of the Complaint.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

51. Eshleman admits that Archrock purports to seek a temporary restraining order and a preliminary injunction but denies that Archrock is entitled to that or any other relief against him.

52. The allegations contained in Paragraph 52 of the Complaint are legal conclusions and/or statements of law for which no answer is required.

53. Eshleman denies the allegations contained in Paragraph 53 of the Complaint.

54. Eshleman denies the allegations contained in Paragraph 54 of the Complaint.

55. Eshleman denies the allegations contained in Paragraph 55 of the Complaint.

56. Eshleman denies the allegations contained in Paragraph 56 of the Complaint.

57. Eshleman denies the allegations contained in Paragraph 57 of the Complaint.

58. Eshleman denies the allegations contained in Paragraph 58 of the Complaint.

59. Eshleman denies the allegations contained in Paragraph 59 of the Complaint.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Eshleman pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

### FIRST DEFENSE

Archrock's Complaint should be dismissed, in whole or in part, under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Archrock's misappropriation claims fail because Eshleman was provided all alleged trade secrets voluntarily in the course of his employment and there was no acquisition by improper means or subsequent disclosure or use by Eshleman.

### THIRD DEFENSE

Archrock's claim under the Defend Trade Secrets Act fails because there is no actual or alleged connection between the alleged trade secrets and interstate commerce.

### FOURTH DEFENSE

Archrock's misappropriation claims fail because Archrock failed to take reasonable measures to maintain the secrecy of the alleged trade secrets.

### FIFTH DEFENSE

Archrock has failed to define or describe with any reasonable particularity its alleged trade secrets.

### SIXTH DEFENSE

Archrock has not suffered any harm or damage as a result of the alleged actions or inactions of Eshleman.

### SEVENTH DEFENSE

Archrock's conversion claim fails as a matter of law because Texas law does not recognize a cause of action for conversion of intangible property.

\*\*\*

Eshleman reserves the right to file and serve additional defenses as appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant Robert L. Eshleman prays that Archrock take nothing herein, and that Eshleman has judgment for his costs and for such other and further relief, at law or in equity, to which he may be justly entitled.

<–>

Dated July 23, 2018

Respectfully submitted,

Of Counsel:

Amanda Wingfield Goldman
Texas Bar No. 24082209
SDTX No. 1358644
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
Email: agoldman@littler.com

/s/ Allan H. Neighbors, IV
Allan H. Neighbors, IV, Attorney-in-Charge
Texas Bar No. 24033660
SDTX No. 34398
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
Email: aneighbors@littler.com

*Attorneys for Defendant*
*Robert L. Eshleman*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, I electronically filed the foregoing document using the CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Allan H. Neighbors, IV
Allan H. Neighbors, IV

Firmwide:155748287.1 098541.1001