UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARCHROCK SERVICES, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-CV-1712 |
| § | |
| ROBERT L. ESHLEMAN, § | |
| § | |
| Defendant. § | |

## AGREED PROTECTIVE ORDER

The parties stipulate that the following procedures shall govern the production and exchange of all documents, testimony, discovery, and other information produced, given, or exchanged by and among them. Should parties later be added to this proceeding, the parties hereto agree that such parties shall not receive "Confidential" or "Confidential – Attorney's Eyes Only" Discovery Material, as defined herein, without first becoming signatory hereto. Any third party producing information may avail itself of the protections of this order, and any party may designate materials produced by a third party for protection as set forth herein.

### Purpose and Scope

1. Discovery in this action may involve disclosure of trade secrets and other sensitive, confidential and proprietary business, technical, and financial information as well as private personal or individual financial information. This Protective Order (the "Order") therefore is intended to protect against unauthorized disclosure of any such information and to ensure that such information will be used only for purposes of this action. This Order shall govern all information (whether in writing, electronic, or other form), interrogatory responses, responses to requests for admission, documents produced in response to requests for production or voluntary

production of documents, testimony, deposition testimony, including but not limited to all copies, excerpts, and summaries thereof or materials serviced therefrom, including all such materials which are used in the course of pretrial discovery and other proceedings in this action or any motions, briefs, or other filings incorporating such information (collectively, "Discovery Material").

### Applicability

2. The provisions of this Order shall apply to (i) the parties presently named in this action, including, in the case of parties other than individuals, their officers, directors, employees, representatives and agents and (ii) any other person or entity who produced Discovery Material in this action and who agrees to be bound by the terms of this Order.

### Designation of Materials

3. The producing parties may designate any discovery Materials as "Confidential" or "Confidential – Attorney's Eyes Only" when a party, third party, or its counsel in good faith believes that such Discovery Material qualifies for such a designation pursuant to the terms of this Order. For purposes of this Order, a producing party may designate as "Confidential" any material which contains or discloses any of the following: (a) Non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, or other confidential or sensitive information which the producing party determines in good faith should be kept confidential; and (b) information that the producing party is under a duty to preserve as confidential under an agreement with or other obligation to another Person. For the purposes of this Order, a producing party may designate as "Confidential – Attorney's Eyes Only" information or documents which qualify as "Confidential" under the terms of this Order and which contain or disclose materials which the

producing party in good faith believes to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to the Parties in this case if disclosed. The types of information and documents that may be designated as "Confidential" or "Confidential – Attorney's Eyes Only" includes, but is not limited to, trade secrets; customer lists and information; employment and compensation information; or the private personal or financial affairs of any individual subject to discovery in this action.

4. Any documents, materials or business information pertaining to third party CSI Compressco LP or any of its related entities, parents, or subsidiaries (collectively "CCLP") shall be automatically designated as "Confidential – Attorney's Eyes Only" under this Order, unless the party attempting to produce or use such documents, materials, or information provides advance written notice to CCLP's outside lawyers at Stuart PC at least ten (10) calendar days prior to the intended date of production advising them of such party's intent to produce or use such documents, material, or information without a "Confidential – Attorney's Eyes Only" designation.  Upon receipt of such notice, the producing party and CCLP will attempt to resolve any dispute regarding such designation under this Order in good faith before seeking Court intervention.  No CCLP documents, materials or business information shall be produced or used without a "Confidential – Attorney's Eyes Only" designation under this Order until CCLP and the producing party and/or the party seeking to use same have mutually agreed upon the appropriate lesser designation or the Court has issued a ruling regarding the appropriate designation of such materials.

5.  It shall be the duty of the party or a third party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the "Confidential" or "Confidential – Attorney's Eyes Only" Discovery Material to be covered hereby.  The duty of the other parties

and all of the parties bound by this Order to maintain confidentiality hereunder shall commence with such notice.

## Disclosure

6. Except with the prior consent of the producing party or upon prior order of a court of competent jurisdiction, "Confidential" or "Confidential – Attorney's Eyes Only" Discovery Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

## Discovery Material Designated "Confidential"

7. Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action.

   a. Subject to paragraphs 17, 18 and 19 of this Order, the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

   b. Counsel for the parties in this action, associates, legal assistants, litigation support personnel, paralegals, secretarial and clerical employees, and outside copy services, litigation consulting services, document management services, and graphic services that are assisting counsel in the prosecution, defense, and/or appeal of the actions referenced in this subparagraph;

   c. Subject to paragraph 10 of this Order, independent and party experts, consultants and/or investigators retained, employed, or informally consulted by counsel in connection with the prosecution, defense and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action;

   d. The parties and the officers and employees of any party solely for the purpose of and to the extent necessary for prosecuting, defending, and/or appealing this litigation; and

4

    e. Actual witnesses during the trial or any hearing in this litigation provided, however, that all such Discovery Material shall be filed with the Court only under permanent or temporary seal pursuant to the Federal Rules of Civil Procedure and after notice to the producing party.

### Discovery Material Designated "Confidential-Attorney's Eyes Only"

8. Except with the prior consent of the producing party or upon prior order of this Court, counsel for the Parties may disclose Discovery Material designated 'Confidential – Attorney's Eyes Only," and the contents of Discovery material so designated, only to the following persons:

    a. Subject to paragraphs 16, 17, and 18 of this Order, the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

    b. Counsel for the parties in this action, associates, legal assistants, litigation support personnel, paralegals, secretarial and clerical employees, and outside copy services, litigation consulting services, document management services, and graphic services that are assisting counsel in the prosecution, defense, and/or appeal of the actions referenced in this subparagraph;

    c. Subject to paragraph 9 of this Order, independent and party experts, consultants and/or investigators retained, employed, or informally consulted by counsel in connection with the prosecution, defense, and/or appeal of this action;

    d. Any person identified on the face of any such Material designated as "Confidential – Attorney's Eyes Only" as an author or recipient thereof; and

    e. Actual witnesses during the trial or any hearing in this litigation provided, however, that all such Discovery Material shall be filed with the Court only under permanent or temporary seal pursuant to the Federal Rules of Civil Procedure and after notice to the producing party.

9. To the extent that any party identifies documents which they believe need more protection than provided herein, they shall seek protection from the Court.

### Statements

10. Any person falling under the definition contained in paragraph 7(c) or 8(c) who is given access to documents or materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall, prior to being given any such material, be informed of the provisions of this

5

Order, read this Order, and execute an Undertaking, in the form annexed hereto as Exhibit A, indicating that he or she has read this Order and will abide by its terms. The original of any such Undertaking shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including all appeals. The parties agree not to use these Undertakings for any purpose other than monitoring and enforcing compliance with this Order.

### Non-Disclosure

11. Any person receiving documents or materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall not disclose such information to any person who is not entitled to receive such information under this Order. If documents or materials designated as "Confidential" or "Confidential – Attorney's Eyes Only" are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

### Deposition Procedure

12. In conducting depositions or examinations of witnesses in this action, no party who has received information or material designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall examine a witness about the material unless the witness has knowledge of or had access to the information prior to the deposition, is a current or former officer or director of the designating party or is produced as a witness for the designating party pursuant to Fed. Rule of Civ. Pro. 30(b)(6). If such information is to be discussed or disclosed during a deposition, the

6

designating party shall have the right to exclude from attendance at the deposition during the time the protected information is to be discussed any individual not entitled under this Protective order to receive the documents or materials designated as "Confidential" or "Confidential – Attorney's Eyes Only."

**Designation of Written Discovery Material by Party or Witness**

13. Any producing party or witness shall designate Discovery material as "Confidential" or "Confidential – Attorney's Eyes Only" at the time of its production by marking any originals or copies of the documents or other tangible materials with the legend "Confidential" or "Confidential – Attorney's Eyes Only" at the time of their production. If any document or other material is used as an exhibit at trial or otherwise displayed to the Jury, all markings indicating that the document or material had previously been designated by the party pursuant to this Order as "Confidential" or "Confidential – Attorney's Eyes Only" shall be removed prior to offering the document or material into evidence or displaying same, and no mention shall be made of the previous designation of confidentiality. Such removal shall not alter the confidential nature and treatment of the document or material or the obligations of any party or third party under this Order.

**Designation of Testimony by Party or Witness**

14. Any party or non-party witness shall have ten (10) days from the date of receipt of a copy of a deposition or other transcript in which to designate all or portions of the testimony as "Confidential" or "Confidential – Attorney's Eyes Only." Notwithstanding paragraph 5 of this Order, from the time the testimony is given through such 10-day period, all information disclosed in the testimony shall be entitled to the highest level of protection under this Order. After such ten (10) days have expired, any testimony not designated shall no longer be deemed

7

"Confidential" or "Confidential – Attorney's Eyes Only" subject, however, to the terms of paragraphs 21 and 22 below. Such designation shall be made after transcription by sending written notice identifying the information to be so designated by page and line numbers to counsel of record, and the reporters, within the 10-day time period. The reporter shall stamp each page so designated as "Confidential" or "Confidential – Attorney's Eyes Only" as appropriate.

### Non-Confidential Information

15. Discovery material may not be designated "Confidential" or "Confidential – Attorney's Eyes Only" if the content or substance thereof:

    a. Is already in the public domain at the time of disclosure;

    b. Becomes part of the public domain at the time, unless as a result of (i) action or failure to act, where there is a duty to act, on the part of the recipient; or (ii) any malefaction or breach of duty by a recipient or any third party;

    c. Is already in the possession of the recipient party at the time of disclosure as a result of legal means and was not acquired under assurance of confidentiality directly or indirectly from the disclosing party; or

    d. Is made available to the recipient party by a third party who obtained the same by legal means and without any obligation of confidence to the disclosing party.

16. In the event that any designation of Discovery material as "Confidential" or "Confidential – Attorney's Eyes Only" is or becomes inconsistent with the terms of paragraph 15, such designation shall be honored by the parties until amended by agreement among the parties or until otherwise ordered by this Court in accordance with the provisions of this Order or until the conclusion of the litigation.

### Disputes

17. Any party may object to the designation of particular Discovery Material as "Confidential" or "Confidential – Attorney's Eyes Only" by giving written notice to the party or

8

witness making the designation and to all other parties. Such notice shall identify with specificity the Discovery Material to which the objection is directed and the basis of the objection. The parties shall then meet and confer in good faith in an attempt to resolve such dispute. If the parties are unable to resolve the dispute informally, the designating party shall have ten (10) days from the initial meet and confer conference to file a motion to uphold the designation of the challenged Discovery Material. Any such motion shall be set for hearing on the first available date. If no motion is filed within ten (10) days, or any mutually agreed to extension of time, all parties may treat the disputed material as non-confidential. To maintain the designation, and to prevail on the motion, the designating party shall have the burden of proof that the challenged Discovery Material is entitled to the protection of the particular designation originally given. The disputed Discovery Material shall be treated as originally designated pending a ruling from the Court.

18. Any party that receives Discovery Material that has been designed as "Confidential" or "Confidential- Attorney's Eyes Only" in accordance with the Order shall not file such information or documents with the Court without following the process in this section. No party shall file any Discovery Material designed as "Confidential" or "Confidential- Attorney's Eyes Only" with the Court without giving all parties twenty (20) days' notice of such filing so that any party can seek protection under the Federal Rules of Civil Procedure. If any party desires to seek the protection of such Discovery Materials under the Federal Rules of Civil Procedure, they shall notify the party seeking to file Discovery Materials within three (3) days of their intention to file a Motion to Seal. In the event the party seeking to file the Discovery Materials receives such a notice, such party shall not file the Discovery Materials until such time as the Court makes a ruling on the Motion to Seal. In the event that that the Court grants the Motion to Seal, the

Discovery Material shall only be filed under seal pursuant to the Federal Rules of Civil Procedure.

19. All transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action which have previous thereto been designated as comprising or containing "Confidential" or "Confidential- Attorney's Eyes Only" Discovery Material, or any pleading or memorandum purporting to reproduce or paraphrase such information, if filed with the Court under Seal, shall be filed or submitted to the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "Confidential," or "Confidential- Attorney's Eyes Only"  (as appropriate), and contain any other information or designation required by the Federal Rules of Civil Procedures, the Local Rules, and any other applicable procedure required by the Court for filing with the Court under Seal.

## Return of Discovery Material

20. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of documents or other information produced in this litigation, whether or not designated as "Confidential" or "Confidential- Attorney's Eyes Only" shall, at the request and expense of the producing party, be returned to the party within sixty (60) days after a final, non-appealable judgment herein or settlement of this action. In the event that documents are returned at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned.

**No Waiver**

21. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto, shall be construed as a waiver of any claim, defense, or privilege in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or to challenge a designation by another party of Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only" shall not constitute an admission that the materials so designated are in fact trade secrets, or other sensitive confidential or proprietary business, technical or financial information, or are entitled to any legal protection. The failure of a party to object or to challenge a designation by another party of Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only" upon initial receipt of this material shall not constitute or be construed as a waiver of that party's right to subsequently object to or to challenge such designations at any later time.

**Inadvertent Failure to Designate**

22. Inadvertent failure to designate materials as Discovery Material as "Confidential" or "Confidential- Attorney's Eyes Only" at the time of production or the designation of such materials at a lower level of confidentiality than warranted pursuant to this Order may be remedied by supplemental written notice given by the producing party. Upon receipt of such

11

notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Order as if it had been initially so designed and shall be re-marked by the receiving party; provided however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. The party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any designation or re-designation.

### Inadvertent Production

23. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure, and no party or entity shall be held to have waived any rights by such inadvertent production. Upon written request by the inadvertently producing party or entity, the receiving party shall (i) return the original and all copies of such documents within three (3) days of receiving the request, and (ii) shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes which were internally generated based upon such information shall be destroyed. Upon written request by the receiving party, the inadvertently producing party shall make the document available for *in camera* inspection by the Court in connection with any challenge to the claim of privilege or work product protection.

24. Nothing herein will restrict the party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work product doctrine; provided, however, the party filing the motion cannot refer to the content of the document nor contend that any privilege has been waived.

**Inconsistent Designations**

25. In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

**Further Motions Not Precluded**

26. Entry into this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or to any motion for further restriction on the production, exchange, or use of any document or other information in the course this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

**No Restrictions on Admissibility or Use**

27. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its employees or experts, except to the extent such deposition testimony involves the disclosure of information designated by another party as "Confidential" or "Confidential- Attorney's Eyes Only" pursuant to the terms of this Order.

### **Continuing Jurisdiction**

28. The court retains the jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

**IT IS SO ORDERED** on the ____ day of _____, 2018.

 

 

_____
HONORABLE LYNN N. HUGHES

APPROVED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| LITTLER MENDELSON, P.C. | WEYCER, KAPLAN, PULASKI & ZUBER, P.C. |
| */s/ Allan H. Neighbors, IV* | */s/ Alexandra Ledyard* (with permission) |
| Allan H. Neighbors, IV | Mark J. Levine |
| Texas Bar No. 24033660 | State Bar No. 00791102 |
| SDTX No. 34398 | S.D. Adm. #20021 |
| aneighbors@littler.com | mlevine@wkpz.com |
| Amanda Wingfield Goldman | Alexandra Ledyard |
| Texas Bar No. 24082209 | State Bar No. 24087903 |
| SDTX No. 1358644 | S.D. Adm. #221151 |
| agoldman@littler.com | aledyard@skpz.com |
| 1301 McKinney Street, Suite 1900 | 11 Greenway Plaza, Suite 1400 |
| Houston, Texas 77010 | Houston, Texas 77046 |
| 713.951.9400 (Telephone) | Telephone: (713) 961-9045 |
| 713.513.5971 (Telecopier) | Facsimile: (713) 961-5341 |

EXIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:18-CV-1712 |
| | § | |
| ROBERT L. ESHLEMAN, | § | |
| | § | |
| Defendant. | § | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned has read the Agreed Protective Order, understands its contents, and hereby undertakes to make no disclosures of Confidential Information to any person who is not permitted to have access to Confidential Information by this Order, as applicable.  In addition, the undersigned agrees not to use Confidential Information for any purpose whatsoever other than in connection with this litigation or its potential resolution through business negotiations between the parties.

The undersigned further understands that a violation of this undertaking could be punishable as a contempt of court and hereby submits to the jurisdiction of the Court for purposes of enforcement of the Protective Order.

Date: _____    Name: _____